GEORGE H. STILWELL, as Superintendent of the Poor of Schuyler County, Appellant, *v.* JOHN H. COONS, as Overseer of the Poor of the Town of Barrington, Respondent.

Plaintiff, as superintendent of the poor of the county of S., after receiving notice from the overseer of the poor of the town of T. that he had given temporary relief to one H., a pauper, who had formerly resided in the town of B. in another county, with a statement of the circumstances of

the case, believing that the removal of H., to the town of T., was pro-
hibited by the Revised Statutes (1 R. S. 628, §§ 58, 59), mailed to
defendant, the overseer of the poor of the town of B., a notice of the
removal, with a request that he provide for the relief and support of H.
Within the thirty days prescribed by the statute (§ 60) after service of
the notice, plaintiff received an answer from C. denying unequivocally,
but not in the words of the statute, that H. was a pauper while he lived
in his county and denying any liability for his support.    These trans-
actions were prior to the amendment in 1888 (Chap. 486, Laws of 1888)
to the provisions of the Revised Statutes in reference to the removal of
paupers from one town to another.    More than six months after receipt
of answer, this action to recover for such support was commenced.
*Held,* that as the action was not commenced within three months after
receiving defendant's denial of liability, it was barred by the statute.
(1 R. S. 629, § 60, as amended by chap. 546, Laws of 1885.)
Also *held,* that the denial of liability was sufficient; that it was not neces-
sary it should follow the language of the statute.

(Submitted June 25, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made December 30, 1887, which affirmed a judgment in favor
of defendant entered upon the report of a referee.

This was an action to recover for the support of a pauper.
The material facts are stated in the opinion.

*Cole Brothers* for appellants.    The referee erred in holding
that this action was barred.    (3 R. S. 1865, §§ 58, 59, 60, 61,
62; Laws of 1855, chap. 546; *Coleman* v. *McClure,* 47 Barb.
206, 210; *Rathbun* v. *Acker,* 18 id. 393; *McDermott* v. *Bd.
of Police,* 25 id. 635, 636; *People* v. *L. & B. R. R. Co.,* 13
Hun, 211; *Marcle* v. *Saltzman,* 66 How. Pr. 205; *Miner* v.
*Burling,* 32 Barb. 540; *Gilbert* v. *C. T. Co.,* 3 Johns. Cas.
107; *McManus* v. *Savin,* 77 N. Y. 36.)

*M. A. Leary* for respondent.    The plaintiff was properly
nonsuited.    (Laws of 1885, chap. 546.)    A notice served by
mail, and a reply thereto served in the same manner, is a suf-
ficient compliance with this statute.    (*Stillwell* v. *Kennedy,*
51 Hun, 114.)    Although the motion for a nonsuit was

granted on the ground that the action was barred, and it is only necessary to argue that question, it is respectfully submitted that if it were put upon the ground that there were no facts sufficient to constitute a cause of action the decision would be upheld. (*Wood* v. *Simmons*, 51 Hun, 325.)

FOLLETT, Ch. J. When a poor person removes, or is removed from a town in one county to a town, not chargeable with his support, in another county, and is there necessarily relieved by the overseer of the poor of the town, the expense incurred, and the burden of thereafter maintaining the person is, as between that town and its county, a charge on the county, provided the overseer gives the superintendent of the poor of his county notice of the circumstances of the case, as provided by the statute. In such a case, the statute provides that if, in the judgment of the superintendent, the town whence the person came is liable for the support of the pauper, he may notify the overseer of the poor of that town of his improper removal, and require the overseer to forthwith take charge of him. The statute requires the overseer receiving the notice to remove the pauper to his town within thirty days after receiving the notice, and there provide for his support, unless within the same time he serves on the superintendent from whom the notice was received a written denial under his hand, that the person was improperly removed from his town, or that his town is liable for the support of the pauper. Unless the superintendent on whom the denial of liability is served begins, within three months after its service, an action against the overseer to recover the expense incurred in maintaining the pauper, the superintendent and his successor in office and his county is forever precluded from recovering from the town, or any of its officers, any expenses that may have been or may thereafter be incurred in the support of the pauper. (1 R. S. 620, § 60.)

In this case Peter Huff, the alleged pauper, had resided for two or three years before March 15, 1886, in the town of Barrington in the county of Yates, but at the date named he

removed from that town to the town of Tyrone in the county of Schuyler.  At this time Huff had no property, except his clothing and about twenty-five dollars in money.  He was about seventy-five years old, and for four years had been afflicted with asthma, and unable to work, but he had never been the recipient of public or private charity.  After going to Tyrone he expended about half of his money for clothing and paid for his board until April 15, 1886, when his money and property were exhausted, and being unable to labor, he applied for aid to the overseer of the poor of Tyrone, who, after giving temporary relief, gave the superintendent of the poor of his county timely notice of the circumstances of the case.  The superintendent, believing that the removal of Huff from Barrington to Tyrone was prohibited by sections 58 and 59 of 1 Revised Statutes, 628, mailed April 24, 1886, to John F. Coons, the overseer of the poor of the town of Barrington, this notice :

" Schuyler County, *ss. :*
"*To the Overseer of the Poor of the Town of Barrington, County of Yates :*
" You are hereby notified that Peter Huff, a pauper who has gained a settlement in your town, to which he belongs, has come into the county of Schuyler, and is now in the town of Tyrone in said county of Schuyler, for which the undersigned is Superintendent of the Poor.  You are, therefore, required to provide for the relief and support of said pauper.
" Given under my hand this 24th day of April; 1886.
" GEORGE H. STILWELL,
" *Sup't. of Poor.*"

On May 13, 1886, the superintendent received this answer :

" Barrington, *May* 13th, '86.
" George H. Stilwell,
" Dear Sir — I received your notice that Peter Huff, a pauper was in your county.  Peter Huff has never been a pauper in this town or county, he had money to pay his way until he applied to you for help.  The law passed in June,

1885, says any pauper moving from one county to another. Now as Huff was not a pauper when he moved he cannot legally hold a settlement in this town.

"Hoping you will help him soon, as he is entirely destitute of means of support, I remain truly yours,

"JOHN F. COONS,<br>"*Overseer of Poor.*"

The notice and answer were given pursuant to sections 59 and 60 of title 1 of chapter 20 of part 1 of the Revised Statutes as amended by chapter 546, Laws of 1885.

It may be well to call attention to the fact, that since the circumstances out of which this action arose happened, sections 59 and 60, above referred to, have been greatly changed by chapter 486 of the Laws of 1888.

This action to recover the expenses incurred in maintaining the pauper was begun November 24, 1886, more than six months after the service upon plaintiff by the defendant of the denial of the liability. The defendant, among other defenses, interposed the Statute of Limitations above referred to, as a defense, which was held to be valid by the courts below.

The plaintiff insists that the failure of the defendant to (in the language of section 60) "deny the allegation of such improper enticing or removal, or that their (his) town is liable for the support of such pauper," renders the denial of liability above quoted ineffectual to set the time running in which an action must be brought, and, moreover, that by reason of such omission, the defendant is precluded, by section 61, from contesting the liability of his town.

The denial of liability need not follow the language of the section above quoted, but it is quite sufficient if it contains an unequivocal denial of the liability asserted in the notice. This, the denial served, plainly did, and the courts below correctly held the action barred by the statute. The plaintiff having actually received the denial, it was a sufficient service. (*Stilwell v. Kennedy*, 51 Hun, 114.) There was no waiver of the effect of the denial in the conversation had between the parties

in September following its service.    The defendant, then, as. in his denial, insisted that his town was not liable.

The judgment should be affirmed with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting. Judgment affirmed.